PEOPLE ex rel. LOUGHLIN, Overseer of Poor, v. DALEY.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

1. COURTS—COURTS OF LOCAL JURISDICTION—EXTENT OF JURISDICTION.

The jurisdiction of inferior local courts established under Const. art. 6, § 18, providing that inferior local courts of civil and criminal jurisdiction may be established, is limited to actions arising within the territorial limits of the tribunal, or to cases in which the parties proceeded against reside within or are served with process within the jurisdiction of the local court.

2. SAME—CITY COURTS—BASTARDY PROCEEDINGS.

The City Court of the city of Poughkeepsie was created by Laws 1902, p. 64, c. 35, § 1, "in and for said city," by virtue of Const. art. 6, § 18, providing for the establishment of local courts of inferior jurisdiction. Section 2 provides that the city judge shall be the judge of the court and shall be appointed by the mayor. Section 13 (page 70) provides that in criminal actions and special proceedings of a criminal nature for offenses committed "within the city" the city judge shall have the jurisdiction of a justice of the peace over offenses committed in his town, including bastardy proceedings. Section 13, subd. 3, confers on the city judge the powers of the city recorder, except as thereinafter provided, which powers, under Poughkeepsie City Charter, Laws 1896, p. 521, c. 425, § 132, are those possessed by one or by two justices of the peace in towns, except in special actions, besides the powers conferred by law on recorders of cities. Held that, in a bastardy proceeding, which is a civil action only quasi criminal in its character, the City Court had no jurisdiction where complainant was a resident of the town of Poughkeepsie outside of the city, and defendant also resided outside the city, and it did not appear that he had been arrested or served with process within the city.

Appeal from Dutchess County Court.

Bastardy proceedings by the people, on the application of Patrick B. Loughlin, as overseer of the poor of the town of Poughkeepsie, against John B. Daley. From an order of the County Court, affirming an order of filiation finding defendant the father, he appeals. Reversed, and defendant discharged.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

John F. Ringwood, for appellant.

Charles F. Cossum (John E. Mack, Dist. Atty., on the brief), for respondent.

HOOKER, J. The proceedings were commenced by the issuance of a warrant by the city judge on the 6th day of February, 1907, upon the written application of an overseer of the poor of the town of Poughkeepsie. The defendant objected to the proceedings upon the ground, among others, that the magistrate, the judge of a local court of limited jurisdiction, did not have jurisdiction, because both the complainant and the defendant are residents of the town of Poughkeepsie, outside the city of that name, and that the cause of action did not arise in the city.

The City Court of the city of Poughkeepsie was created by chapter 35, p. 64, of the laws of 1902, entitled "An act creating a City Court in and for the city of Poughkeepsie." Section 1 of said chapter provides:

"City Court.—An inferior local court of criminal and civil jurisdiction, to be called and known as the 'City Court of the City of Poughkeepsie,' is hereby created and established in and for said city, with the jurisdiction and powers hereinafter provided. The city judge shall be the judge of the court."

Section 2 of said act provides:

"The city judge of the city of Poughkeepsie shall be appointed by the mayor. The term of office of said city judge shall be for four years, and his salary shall be the sum of fifteen hundred dollars per annum, to be audited, allowed and paid by the common council."

Section 13 (page 70) of said act provides:

"The city judge in all criminal actions and proceedings and special proceedings of a criminal nature for and on account of offences committed or charged to have been committed within the city shall have all the jurisdiction and authority which a justice of the peace of a town would have if such offence were committed or charged to have been committed in a town, including bastardy proceedings, in which latter proceeding it shall not be necessary for the city judge to associate with himself another magistrate."

Subdivision 3 of section 13 provides:

"All powers and authority conferred upon the recorder of the city of Poughkeepsie by law or a court of special sessions therein are hereby conferred upon said city judge or the City Court except as otherwise provided in this act, and where by the provisions of law now existing, exclusive jurisdiction is conferred upon courts of special sessions in said city and the recorder, the City Court created by this act shall have such exclusive jurisdiction."

The charter of the city of Poughkeepsie (chapter 425, p. 521 of the Laws of 1896), by section 132, provides:

"That the recorder of said city shall possess all the powers and jurisdiction conferred by law upon recorders of cities and shall also have and possess the same jurisdiction and powers possessed by one justice of the peace or by two justices of the peace in towns except in special actions."

Section 17 of article 6 of the Constitution as it existed at the time the City Court of the city of Poughkeepsie was created, provided as follows:

"The electors of the several towns shall, at their annual town meetings, or at such other time and in such manner as the Legislature may direct, elect

108 N.Y.S.—67

justices of the peace, whose term of office shall be four years. * * * Justices of the peace and District Court justices may be elected in the different cities of this state in such manner, and with such powers, and for such terms, respectively, as are or shall be prescribed by law; all other judicial officers in cities, whose election or appointment is not otherwise provided for in this article, shall be chosen by the electors of such cities, or appointed by some local authorities thereof."

And by section 18 of article 6 of the Constitution it is provided that:

"Inferior local courts of civil and criminal jurisdiction may be established by the Legislature."

But those thereafter so established shall not be courts of record. Their jurisdiction is limited. And the section also provides:

"Except as herein otherwise provided, all judicial officers shall be elected or appointed at such times and in such manner as the Legislature may direct."

Fortunately we are not without judicial interpretation of the extent to which the jurisdiction of inferior courts of local jurisdiction may go. The cases are collected and reviewed in the able opinion of Mr. Justice Ward in Ziegler v. Corwin, 12 App. Div. 60, 42 N. Y. Supp. 855. I would not, if I were able, add anything to his exhaustive treatment of the subject. The conclusion is that the jurisdiction of these local courts is limited to cases of actions arising within the territorial limits of the tribunal, or to cases in which the parties proceeded against resided within or are served with process within the jurisdiction of the local court. See, too, Baird v. Helfer, 12 App. Div. 23, 42 N. Y. Supp. 484.

In this case, which is a civil action, quasi criminal only in its character, the complainant is a resident of the town of Poughkeepsie, without the city of Poughkeepsie. The defendant also resides outside the city, and it does not appear that he was arrested or served with process within the city. No claim in aid of the jurisdiction of the court can be made on the theory that a crime was committed within the city of Poughkeepsie; for, in the first place, this is not a criminal case to punish the defendant for the commission of a crime, but rather a proceeding which has for its object the indemnification of the town upon which the child was likely to become a charge, and, in the second place, the child was conceived without the city of Poughkeepsie. It was born in the city of New York, and at the time of the institution of the proceedings both the child and its mother were living in the town of Poughkeepsie, outside the city of Poughkeepsie.

The effect of the determination appealed from is that a judicial officer, appointed by the mayor of the city of Poughkeepsie, whose jurisdiction by law is limited to that city, has decided important questions of fact and of law as between residents of a town outside the city in which he may act, in a proceeding in which none of the acts or circumstances which gave rise to it were committed in or in any way appertained to or affected the city or any of its inhabitants, and process to institute which was not served therein. Such a situation is violative of the spirit of all of the cases on the subject, and our

conclusion must be that the court was without jurisdiction to entertain these proceedings.

The order appealed from must therefore be reversed, and the defendant discharged. All concur.